FILED

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF RHODE ISLAND

2013 JUL -2  A 9:01

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

GLEN HEBERT, )
 )
    Plaintiff, )
 )  Civil Action No.
v. )  CA 13- 499 M
 )
THE CITY OF WOONSOCKET, by and )
through its Mayor, Leo Fontaine; and ) REMOVED CASE INCLUDES A
the WOONSOCKET BUDGET ) PENDING MOTION FOR A
COMMISSION, through William Sequino, ) TEMPORARY RESTRAINING
its Chair, ) ORDER
 )
    Defendants. )

## DEFENDANTS'
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, The City of Woonsocket, by and through its Mayor, Leo Fontaine; and the Woonsocket Budget Commission, through William Sequino, its former Chair (hereinafter referred to collectively as the "Defendants") hereby notice the removal of this action from the State of Rhode Island and Providence Plantations Superior Court, Providence SC (the "Providence Superior Court") where it is currently pending under Civil Action No. 13-3180, to the United States District Court for the District of Rhode Island. This case is removable under 28 U.S.C. § 1441(a) because the Plaintiff claims that Defendants violated "the plaintiff's rights under the Contract Clause of the United States Constitution[,]" which supplies the Court with federal question jurisdiction under 28 U.S.C. § 1331. Complaint at ¶ 8. A true and accurate copy of the Complaint is attached hereto as Exhibit 1. A true and accurate copy of the Plaintiff's accompanying Motion for Temporary Restraining Order and Motion to Certify Question to Rhode Island Supreme Court are attached hereto as Exhibit 2 and Exhibit 3, respectively. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over

the Plaintiff's state law claims because they are so related to his federal constitutional claims that they form a part of the same case and controversy.

As grounds for removing this matter, the Defendants state as follows:

### I. TIMELINESS OF REMOVAL

By facsimile, the Plaintiff's attorney provided the Defendants with a copy of the Complaint on June 27, 2013. Accordingly, the Defendants are filing this Notice well within the 30-day deadline set by 28 U.S.C. § 1446(b)(1).

### II. VENUE

Since the plaintiff filed his Complaint within the Rhode Island Superior Court for Providence County, venue is proper in this Court because it is the "district and division embracing the place where [this] action is pending." 28 U.S.C. § 1441(a); see 28 U.S.C. § 120 (stating that "Rhode Island constitutes one judicial district.").

### III. BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

The Defendants can remove this action under 28 U.S.C. 1441(a) because the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."

In its very first paragraph, the Plaintiff's Complaint seeks a declaration that "the provisions relied upon by the City are . . . violative of the plaintiff's rights under the Contract Clause of the United States Constitution." Exhibit 1 at ¶ 1. In Paragraph 8, Plaintiff alleges that "[t]he decision of the City, and that of the Woonsocket Budget Commission, to unilaterally change the provisions of the plaintiff's health care benefits violated the plaintiff's rights under the Contract Clause of the United States Constitution." Id. at ¶ 8.

By asserting claims under the United States Constitution, the Plaintiff's Complaint asserts a federal question under 28 U.S.C. § 1331 and is therefore removable under 28 U.S.C. § 1441(a). Accordingly, the Court has jurisdiction over this matter without regard to the amount in controversy or the citizenship of the parties.

### IV.   SUPPLEMENTAL JURISDICTION

The Plaintiff's claims under the Rhode Island Budget Commission Statute, R.I. Gen. Laws § 45-9-1 et seq., and the Rhode Island Uniform Declaratory Judgment Act, R.I. Gen. Laws § 28-9.1-1 et seq., arise out of the same nucleus of operative facts as the Plaintiff's claim under the U.S. Constitution. They concern changes made by the Defendants to the Plaintiff's health care benefits. Accordingly, the Court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they are so related to his U.S. Constitutional claim that they form a part of the same case and controversy.

### V.   CONCLUSION

To date, since the Plaintiff has not yet served Defendants with process, the Defendants have not filed a responsive pleading in the Providence Superior Court to the Plaintiff's Complaint. The Defendants are filing a copy of this Notice with the Clerk of the Providence Superior Court, and they are also serving a copy upon Plaintiff's counsel.

WHEREFORE, the Defendants respectfully request that this Honorable Court take jurisdiction over this action and issue all necessary orders and process to remove said action from the Providence Superior Court to the United States District Court for the District of Rhode Island.

Respectfully submitted,

THE CITY OF WOONSOCKET, by and through its Mayor, Leo Fontaine; and the WOONSOCKET BUDGET COMMISSION, through William Sequino, its Chair.

By their attorneys,

_____
Daniel K. Kinder (#2151)
Sara A. Rapport (# 6184)
Matthew H. Parker (#8111)
WHELAN, KINDER & SIKET LLP
30 Kennedy Plaza, Suite 402
Providence, RI 02903
Tel: (401) 270-4500
Fax: (401) 270-3760
dkinder@whelankindersiket.com
srapport@whelankindersiket.com
mparker@whelankindersiket.com

Dated: July 2, 2013

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing document to be served upon the following counsel of record on the 2 day of July 2013 via electronic mail and First Class U.S. Mail, postage pre-paid.

Edward C. Roy, Jr.
1130 Ten Rod Road, Suite a-103
North Kingstown, RI 02852

edward_roy@hotmail.com

_____

WKS6712